IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI JORDAN, and<br>MICHAEL JORDAN, | : | No. 3:07cv390 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| WILKES-BARRE GENERAL HOSPITAL,<br>WYOMING VALLEY HEALTH CARE, INC.,<br>NANCY ALONZO, and<br>ROBERT HOFFMAN, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is defendants' partial motion to dismiss/strike the plaintiff's amended complaint (Doc. 17). Having been fully briefed, the matter is ripe for disposition.

**Background**

The instant complaint arises out of the termination of plaintiff Lori Jordan's employment by Defendants Wilkes-Barre General Hospital and Wyoming Valley Health System. At the time she lost her job, plaintiff was 42 years old. (Amended Complaint (hereinafter "Complt.") (Doc. 16) at ¶ 7). Plaintiff worked for defendants for twenty-two years, and was a model employee throughout that period. (Id. at ¶ 27). She had outstanding performance reviews and evaluations and never faced any sort of warning or other disciplinary action. (Id.). During her career, plaintiff held

various nursing positions with the defendants, eventually working her way up to the position of Clinical Director of Critical Care Nursing Units and a cardiac surgery unit for the defendant medical organizations. (Id. at ¶ 33). According to her complaint, defendants terminated her from her position in retaliation for "reporting, opposing and participating in the investigation of a hostile work environment, sexual harassment of a coworker/colleague and age discrimination." (Id. at ¶ 25).

In September and October 2003, Denise Wendolowski-Dragan, a clinical leader at the hospital, was sexually harassed by her supervisor and asked the plaintiff for assistance in confronting that problem. (Id. at ¶ 34). Plaintiff observed that her co-worker's supervisor had become more hostile and verbally abusive towards that coworker. (Id.). She contacted Defendant Alonzo, the Administrative Director at the hospital, to express her concerns. (Id. at ¶¶ 34-35). Plaintiff told Alonzo of the growing problems her coworker faced and insisted action be taken, since defendants had "'a zero tolerance policy on harassment.'" (Id. at ¶ 36).

Two weeks after complaining to Alonzo, plaintiff recognized that she had not taken appropriate steps to rectify the situation. (Id. at ¶ 37). Concluding that Alonzo's failure to act "was abetting the accuser," plaintiff decided to report the abuse to a higher level at the hospital. (Id.). Plaintiff contacted Defendant Hoffman, the Vice President of Care Services at the hospital. (Id. at ¶ 38). She informed Hoffman that Alonzo had done nothing to rectify the abusive situation faced by her coworker. (Id.). Hoffman likewise did nothing to address the situation, despite

promises to do so. (Id. at ¶¶ 38-39).

Defendants eventually fired Wendolowski-Dragan. (Id. at ¶ 40). Plaintiff agreed to testify for her former coworker in a proceeding related to that firing. (Id. at ¶ 41). Plaintiff contends that this reporting of sexual harassment and testimony in a case related to sexual harassment made her continued work with Defendant Alonzo "very uncomfortable." (Id. at ¶ 42). "Scrutiny" of plaintiff's work intensified as a result of her actions in complaining about Defendant's behavior. (Id.). Plaintiff continued to press the issue of sexual harassment at the hospital, urging Defendant Hoffman to set up a new reporting structure. (Id. at ¶ 44).

Approximately two weeks after her last contact with Hoffman about these issues, Hoffman and Alonzo called plaintiff into the human resources office to inform her that her employment had been terminated. (Id. at ¶ 45). This termination came six months after the plaintiff first reported the sexual harassment experienced by Wendlowki-Dragan to her supervisors. (Id. at ¶ 46). Defendants Hoffman and Alonzo participated in the decision to fire plaintiff. (Id. at ¶ 47). Plaintiff alleges that defendants' conduct created a sexually hostile work environment. (Id. at ¶ 50). Plaintiff also alleges that defendants treated her differently from other employees younger than 40 years old. (Id. at ¶ 48). Defendants did not treat younger workers who committed violations of employment policies as harshly as they did plaintiff. (Id.).

Plaintiff filed her initial complaint on February 28, 2007. Defendants filed a

3

partial motion to dismiss plaintiff's complaint (Doc. 5) on July 17, 2007. After the parties filed briefs and the court heard argument on this matter, the plaintiff agreed to file an amended complaint. The court issued an order on January 29, 2008 granting the defendants' motion without prejudice and allowing the plaintiff to file an amended complaint. (Doc. 15). Plaintiff filed this amended complaint on February 18, 2008. (Doc. 16). The amended complaint consists of eight counts. Count I, raised against all of the defendants, alleges that those defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), by creating a hostile work environment and retaliating against the plaintiff for reporting violations of workers' rights. Count II, brought pursuant to the Pennsylvania Human Relations Act (PHRA), 42 P.S. § 951, raises the same claims under state law. Count III is a retaliation claim under Title VII against all the defendants. Count IV alleges a tort claim of intentional infliction of emotional distress against all of the defendants. In Count V, plaintiff alleges that defendants terminated her in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a). The sixth count of the complaint alleges retaliation under the ADEA. Count VII seeks punitive damages. Plaintiff's husband, Michael Jordan, joins in her complaint in Count VIII, which seeks damages for loss of consortium.

On March 3, 2005, defendants again filed a partial motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f). (Doc. 5). The parties then briefed the issue, bringing the case to its present posture.

4

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 2000e and 29 U.S.C. § 693, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Before the court are defendants' motion to dismiss the instant complaint. When analyzing a 12(b)(6) motion to dismiss, all well-pleaded allegations of the complainant must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curium)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)

(citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The complaint is properly dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Discussion**

Defendants raise several grounds for dismissing portions of plaintiffs' amended complaint. We will address each in turn.

**A. Intentional Infliction of Emotion Distress**

Defendants contend that Plaintiff Lori Jordan's claim for intentional infliction of emotional distress is barred by the two-year statute of limitations that applies to such claims in Pennsylvania. The events which gave rise to her complaint occurred in 2004, and she did not file the amended complaint that contained those claims until 2008. Plaintiff contends that the amendment is not time-barred because it "relates back" to her original filing under Federal Rule of Civil Procedure 15(c)(1)(B). The court agrees with the defendants, regardless of whether the claim "relates back" to the original complaint or not. Under Pennsylvania law, a claim for intentional infliction of emotional distress is subject to a two-year statute of limitations. See 42 Pa.C.S. § 5524(7) (establishing a two-year statute of limitations for actions "to

recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass"); Chancellor v. Pottsgrove School Dist., 501 F.Supp. 2d 695, 711 (E.D. Pa. 2007) (finding that "[t]he claim for intentional infliction of emotional distress is a state-law claim for which the statute of limitations is two years."). The events of which plaintiff complains began with the alleged sexual harassment her coworker experienced, continued with the defendants' indifferent response to complaints about those work conditions, and culminated in her termination. These events occurred in 2004 and apparently gave rise to her complaint of intentional infliction of emotional distress. Plaintiff filed her original complaint in this court in January 2007. Accordingly, her claim in the amended complaint is barred by the two-year Pennsylvania statute of limitations whether it relates back to the original filing or not. The court will grant defendants' motion on this point.

**B. Plaintiff Michael Jordan**

Defendants seek dismissal of Michael Jordan's loss of consortium complaint, raised for the first time in plaintiff's amended complaint. The statute of limitations in a loss-of-consortium complaint depends on the statute of limitations applicable to the underlying complaint that caused plaintiff's injury. See Romah v. Hygienic Sanitation Co., 705 A.2d 841, 856 (Pa. Super. Ct. 1997) (finding a two-year statute of limitations applies to a loss of consortium claim based on "serious physical injuries, most notable aplastic anemia, because of exposure" to a chemical). As stated

7

above, a two-year statute of limitations applies to plaintiff's intentional infliction of emotional distress claim. Since–as explained above–plaintiff did not file her original claim within two years of the date on which it accrued, the court will dismiss the loss-of-consortium claim. Because this is the only claim brought by Michael Jordan, he will be dismissed from the action.

### C. Individual Liability under the ADEA

Defendants claim that individual liability is unavailable under the ADEA. Accordingly, they argue, claims under that act against Defendants Alonzo and Hoffman should be dismissed. The ADEA makes it unlawful for an employer "(1) to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Third Circuit Court of Appeals has found that the "the ADEA does not provide for individual liability." Hill v. Borough of Kutztown, 455 F.3d 225, 246, n.29 (3d Cir. 2003).[1] Accordingly, the court will grant plaintiff's motion to dismiss the ADEA claims against the individual defendants.

### D. Title VII and PHRA Claims for Sex Discrimination and Harassment

Defendants contend that plaintiff's claims for sex discrimination pursuant to

---

[1] The court rejects plaintiff's contention that under Title VII, "[i]t is well-established that a supervisors [sic] and co-employees may be agents of an employer" and thus potentially liable. The Third Circuit Court of Appeals has stated explicitly that "we are persuaded that Congress did not intend to hold individual employees liable under Title VII." Sheridan v. E.I DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996).

8

Title VII and the PHRA in Counts I and II should be dismissed because she does not allege any acts of sex discrimination or a hostile work environment aimed specifically at her. Instead, she contends in those counts that she complained about a hostile work environment faced by a fellow employee and then suffered retaliation from her employer. Plaintiff does not respond to this argument, instead focusing in her memorandum or whether she has stated a claim for retaliation under Title VII and the PHRA and whether individual liability is available under those statutes. At the same time, however, plaintiff does accuse defendants of "fostering and perpetuating a hostile work environment." (Complt. at ¶ 59). While not a model of concise or precise pleading, the court takes this allegation to mean that the hostile work environment allegedly created by the defendants was aimed at the plaintiff as well as her coworker. While the court would agree with the defendants that plaintiff has no claim for sex discrimination under Counts I and II if the discrimination was aimed not at her but at a coworker, at this preliminary stage the court will deny the motion and allow the parties to develop evidence on the claim. The defendants may choose to revisit the issue at the close of discovery.

### E. Motion to Strike

Defendants also contend that any references in the complaint to "Pennsylvania common law" must be stricken because plaintiff has stated no common law claims that can survive the instant motion to dismiss. A motion pursuant to Rule 12(f) is designed to eliminate from "a pleading an insufficient

9

defense or any redundant, immaterial, impertinent or scandalous material." FED R. CIV. P. 12(f).  Plaintiff does not address this claim directly, but does argue that her claims for intentional infliction of emotional distress and loss of consortium–common law claims–should go forward.

Courts have noted that "[t]he purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).  Such motions are generally disfavored and "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id.  Here, defendants seek to strike certain phrases from the complaint that relate to the common law, presumably because they are redundant or immaterial.  Defendants offer no reason why leaving the material in the complaint would be prejudicial to them, and the court can conceive of none.  This court's decision makes clear that defendants will face no liability from state-law loss of consortium or intentional infliction of emotional distress claims.  Indeed, the court finds that excising references to the common law would cause more harm than good.  The entire complaint would probably have to be rewritten and re-filed, further delaying the process of bringing the case to a conclusion and driving up the cost of litigation.  The court will deny the motion to strike on this point.

### F.  Claims for Punitive Damages under the ADEA and PHRA

Defendants argue that plaintiff's claims for punitive damages under the ADEA

10

and the PHRA should be sticken from the pleading because such remedies are not available under those statutes. The court notes that Rule 12(f) "is neither an authorized nor a proper way to procure the dismissal of all or part of a complaint." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1380; see, e.g., Egan v. Pan Am. World Airways, Inc., 62 F.R.D. 710, 712 (S.D. Fla. 1974); Rockhold v. United Van Lines, 697 F. Supp. 383, 387 (D. Idaho 1988); Davenport v. Idaho Dep't of Envtl. Quality, 468 F. Supp. 2d 861, 883 (D. Idaho 2006). Still "the technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice to a nonmoving party hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint." Wright & Miller, at § 1380; see, e.g., Balabanos v. North Am. Inv. Group, Ltd., 708 F. Supp. 1488, 1497 (N.D. Ill. 1988). Accordingly, the court will treat this Rule 12(f) motion as a motion to dismiss punitive damages from plaintiff's ADEA and PHRA claims. See Professional Asset Management, Inc. v. Penn Square National Bank, 566 F. Supp. 134, 136 (W.D. Okla. 1983) (finding that Rule 12(f) allows the court to strike only material that is "'redundant, immaterial, impertinent, or scandalous'" and instead treating defendant's motion as a motion to dismiss punitive damages from the case pursuant to Rule 12(b)).

The Court will grant that motion and dismiss plaintiff's claim for punitive damages under the ADEA and the PHRA. Plaintiff does not respond to defendants' argument on this matter. The court could therefore consider the issue waived and


grant the motion on those grounds. In any case, the Pennsylvania Supreme Court has stated clearly that "punitive damages are not available under the [Pennsylvania Human Relations] Act." Hoy v. Angelone, 720 A.2d 745, 751 (Pa. 1998). The Third Circuit Court of Appeals has been less clear on the matter of punitive damages under the ADEA, holding only (in the only case cited by the defendants for the proposition that the ADEA prohibits punitive damages) that damages for pain and suffering are unavailable under the ADEA. See Rogers v. Exxon Research & Engineering, 550 F.2d 834, 842 (3d Cir. 1977) (finding that "damages for 'pain and suffering' or emotional distress cannot properly be awarded in ADEA cases."). Still, other circuit courts and courts in this district have found punitive damages barred under the ADEA. See, e.g., Tumolo v. Triangle Pac. Corp., 46 F. Supp. 2d 410, 416 (E.D. Pa. 1999) (finding that "[a]s a matter of law, plaintiff is not entitled to recover punitive damages–as distinct from liquidated damages–under the ADEA."); Smith v. Berry, 165 F.3d 390, 395 (5th Cir. 1999); Williams v. Valentec Kisco, Inc., 964 F.2d 723, 729 (8th Cir. 1992); Bruno v. Western Electric Co., 829 F.2d 957, 967 (10th Cir. 1987). The court is persuaded by the reasoning in these cases–that the Congress intended to limit damages under the ADEA to those related to the plaintiff's measurable financial losses–and will grant the motion to strike punitive damages on these claims.

**Conclusion**

    For the reasons stated above, the court will grant the defendants' partial

12

motion to dismiss plaintiff's claims in part and deny it in part and grant their motion to strike in part and deny it in part.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI JORDAN, and** | : | No. 3:07cv390 |
| **MICHAEL JORDAN,** | : | |
|       Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **WILKES-BARRE GENERAL** | : | |
| **HOSPITAL,** | : | |
| **WYOMING VALLEY HEALTH CARE,** | : | |
| **INC.,** | : | |
| **NANCY ALONZO, and** | : | |
| **ROBERT HOFFMAN,** | : | |
|       Defendants | : | |

## ORDER

**AND NOW**, to wit, this 22nd day of August 2008, the defendants' partial motion to dismiss and motion to strike (Doc. 17) is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows:

1) Defendants' motion to dismiss plaintiff's claims for intentional infliction of emotional distress and loss of consortium is hereby **GRANTED**;

2) Defendants' motion to dismiss Michael Jordan as plaintiff is hereby **GRANTED**;

3) Defendants' motion to dismiss the plaintiff's claims of individual liability against Defendants Nancy Alonzo and Robert Hoffman is hereby **GRANTED**;

4) Defendants' motion to dismiss plaintiff's Title VII and PHRA claims for

hostile work environment sexual harassment is hereby **DENIED**;

5) Defendants' motion to strike all references to common-law in the amended complaint is hereby **DENIED**; and

6) Defendants' motion to dismiss plaintiff's punitive damages claims under the ADEA and PHRA is hereby **GRANTED**.

                                  **BY THE COURT:**

                                  <u>s/ James M. Munley</u>
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**